NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1464

JOHN PAUL BEAUDOIN, SR.

vs.

MASSACHUSETTS SCHOOL OF LAW AT ANDOVER, INC., & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

John Paul Beaudoin, Sr., (Beaudoin) commenced this action against Rohit Bhasin, Michael Coyne, and Massachusetts School of Law (collectively, defendants), alleging breach of contract, promissory estoppel, breach of the implied covenant of good faith and fair dealing, reckless or negligent misrepresentation, unfair or deceptive acts in violation of G. L. c. 93A, and unjust enrichment.  A judge of the Superior Court allowed the defendants' motion to dismiss filed pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974).  Beaudoin appeals from the judgment that entered on the judge's order allowing the motion to dismiss.  We affirm in part and reverse in part.

---

[1] Michael L. Coyne and Rohit Bhasin.

Background. The following facts are derived from the pleadings and documentary evidence before the Superior Court. At all relevant times, Bhasin was Massachusetts School of Law's (MSL) director of admissions and Coyne was MSL's president. In November 2017, Beaudoin inquired online about attending MSL. In 2018 and 2020, Bhasin contacted Beaudoin about his interest in MSL. In early March 2020, Beaudoin attended an open house at MSL, where he spoke to Bhasin, who later sent an e-mail message to Beaudoin stating that MSL was still accepting applications for the fall 2020 semester. In July 2020, Beaudoin sent an e-mail message to Bhasin asking whether MSL would be operational in fall 2020 due to the COVID-19 pandemic. Bhasin replied that MSL planned to hold "in person" classes in fall 2020.

On August 6, 2020, Bhasin informed Beaudoin of his acceptance to MSL. Four days later, Beaudoin sent an e-mail message to Bhasin requesting an exemption from MSL's policy that students were required to receive influenza vaccines and, once available, COVID-19 vaccines. In that message, Beaudoin stated, "I cannot commit to that [getting vaccinated]" and citing his health history. Bhasin replied:

> "If you are over 30 years of age you are not required to show proof of immunizations or vaccinations to the law school.[2] No one at the law school will ask you to provide

    2 The parties do not dispute that Beaudoin was over thirty years of age in 2020.

2

proof of a flu shot or COVID 19 shot.  If your doctor thinks it is not advisable to get the COVID vaccine then we will not require it."[3]

In reliance on these representations, Beaudoin sent an e-mail message to Bhasin containing signed documents in which Beaudoin agreed to pay tuition, abide by MSL's policies, and attend classes for the fall 2020 semester.  Between August 2020 and May 2021, Beaudoin completed thirty credits and remained in good academic standing.

On June 1, 2021, Beaudoin received an e-mail message from MSL, stating that before registering for the fall 2021 semester students would be required to show proof of having received COVID-19 vaccinations.  On June 17, 2021, Beaudoin sent an e-mail message to MSL with a completed application for a religious exemption from the COVID-19 vaccination requirement.  MSL never notified Beaudoin of its decision on his application for exemption.  On August 27, 2021, Beaudoin received a letter from MSL informing him that he was required to complete an "exit session" for his Federal student loans, which Beaudoin understood to be a notification that he was no longer enrolled at MSL.

Discussion.  We review the allowance of a motion to dismiss de novo, accepting as true the allegations in the complaint and

_____

[3] It is worth noting that at the time of this discussion, no COVID-19 vaccine was available.

drawing all reasonable inferences in favor of the nonmoving party.  See Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011).  In evaluating a motion to dismiss under rule 12 (b) (6), we generally limit our consideration to "the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account" (citation omitted).  Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000).  To survive such a motion, a complaint must plausibly suggest an entitlement to relief.  See Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).

1.  Breach of contract.  To prevail on a claim for breach of contract,

> "a plaintiff must demonstrate that there was an agreement between the parties; the agreement was supported by consideration; the plaintiff was ready, willing, and able to perform his or her part of the contract; the defendant committed a breach of the contract; and the plaintiff suffered harm as a result."

Bulwer v. Mount Auburn Hosp., 473 Mass. 672, 690 (2016).  The parties do not dispute that a contractual relationship existed between Beaudoin and MSL.[4]  However, MSL asserts that Bhasin's

---

[4] Bhasin and Coyne were not parties to the contract and thus not personally liable as a matter of law for any contract-based counts of the complaint.  Cort v. Bristol-Myers Co., 385 Mass. 300, 305 n.5 (1982).  Therefore, Beaudoin's claims for breach of contract, promissory estoppel, breach of the implied covenant of good faith and fair dealing, unfair or deceptive acts in

4

assurances that Beaudoin would not be asked for proof of vaccination were not part of the contract for Beaudoin's enrollment at MSL.  Even if the e-mail message added terms to the contract, MSL argues, the exemption was conditioned on proof that Beaudoin's physician advised Beaudoin not to receive the COVID-19 vaccine.

Bhasin's e-mail message stated that persons over thirty years of age were "not required to show proof of immunizations or vaccinations to the law school" and informed Beaudoin that "[n]o one at the law school will ask you to provide proof of a flu shot or COVID 19 shot."  These statements added terms to the contract between Beaudoin and MSL, and Beaudoin relied on these representations when he registered at MSL.[5]  Because the complaint, which we accept as true, plausibly suggests that the e-mail message added terms to Beaudoin's contract for enrollment, dismissal of the breach of contract claim against MSL was error.

2.  <u>Promissory estoppel</u>.  Promissory estoppel may arise when "(1) a representation intended to induce reliance on the part of a person to whom the representation is made; (2) an act

_____

violation of G. L. c. 93A, and unjust enrichment against Bhasin and Coyne were properly dismissed.

[5] Whether such terms were appropriate as a matter of public policy was not raised by the parties and thus is not before us.

5

or omission by that person [is taken] in reasonable reliance on the representation; and (3) detriment [occurs] as a consequence of the act or omission" (citation omitted). Sullivan v. Chief Justice for Admin. & Mgt. of the Trial Court, 448 Mass. 15, 27-28 (2006). The defendants argue only that Bhasin never represented to Beaudoin that MSL would not require proof of vaccination to attend classes.

We have already concluded that the complaint sufficiently alleges that, in response to Beaudoin's statement that he could not commit to showing proof of vaccination, Bhasin represented to Beaudoin that MSL would not require proof of vaccination. Beaudoin, in reliance on Bhasin's representations, agreed to enroll at MSL, completed a year of school, and was subsequently barred from enrolling in his second year of law school. Thus, Beaudoin's complaint plausibly suggests that his inability to enroll for his second year at MSL caused him injury. Cf. Nardone v. LVI Servs., Inc., 94 Mass. App. Ct. 326, 332 (2018) ("A party can rely on a promise to his or her detriment without showing that he or she forwent some other economic opportunity"). Beaudoin's promissory estoppel claim against MSL was thus improperly dismissed.

3. Breach of implied covenant of good faith and fair dealing. "[E]very contract in Massachusetts is subject to an

6

implied covenant of good faith and fair dealing." Robert & Ardis James Found. v. Meyers, 474 Mass. 181, 188 (2016). Under the covenant, "neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract" (citation omitted). Id. at 189. "Not every breach of contract, however, is a breach of the implied covenant of good faith and fair dealing." Nagel v. Provident Mut. Life Ins. Co. of Philadelphia, 51 Mass. App. Ct. 763, 768 (2001). Although the plaintiff is not required to show bad faith, "the plaintiff has the burden of proving a lack of good faith," which "can be inferred from the totality of the circumstances." Robert & Ardis James Found., supra.

For the reasons stated above, the complaint plausibly stated a claim for breach of the implied covenant of good faith and fair dealing, where MSL's alleged failure to perform was not in good faith and impaired Beaudoin's right to enroll for his second year.[6] See Robert & Ardis James Found., 474 Mass. at 188-189. Dismissal of the claim against MSL for breach of the implied covenant of good faith and fair dealing was error.

---

[6] Beaudoin's allegation that MSL failed to rule on his request for a vaccination exemption or notify him of the reason for "unenrolling" him also supports Beaudoin's claim for breach of the implied covenant of good faith and fair dealing.

7

4.  Negligent misrepresentation.  To recover for negligent misrepresentation, a plaintiff must prove

> "that the defendant (1) in the course of his business, (2) supplie[d] false information for the guidance of others (3) in their business transactions, (4) causing and resulting in pecuniary loss to those others (5) by their justifiable reliance upon the information, and (6) with failure to exercise reasonable care or competence in obtaining or communicating the information."

O'Connor v. Merrimack Mut. Fire Ins. Co., 73 Mass. App. Ct. 205, 213 (2008).  Beaudoin's complaint alleged that Bhasin falsely told Beaudoin that MSL would not request proof of vaccination before Beaudoin could register for classes.[7]  MSL counters that Bhasin did not make such a representation to Beaudoin.  As described above, reading the complaint as true, Bhasin did represent that MSL would not require Beaudoin to provide proof of vaccination.

MSL further contends that Bhasin's statements related only to conditions that might have existed in the future, and thus the statements were inactionable as negligent misrepresentation.  "[S]tatements about future events concerning the conduct of a business may be actionable as misrepresentations when the parties to the transaction are not on equal footing but where one has or is in a position where he should have superior

---

[7] The complaint does not allege that Coyne made false representations, or that he had any knowledge of or involvement in the representations made by Bhasin.

8

knowledge concerning the matters to which the misrepresentation relate" (quotations and citations omitted). Brewster Wallcovering Co. v. Blue Mountain Wallcoverings, Inc., 68 Mass. App. Ct. 582, 601 n.45 (2007). Here, where Bhasin was MSL's director of admissions, Bhasin had or should have had superior knowledge relative to Beaudoin about MSL's vaccination policies and Bhasin's ability to promise that MSL would not require Beaudoin to be vaccinated. Therefore, Beaudoin's claim for negligent misrepresentation should not have been dismissed against MSL or Bhasin.[8]

5. Chapter 93A. Chapter 93A makes unlawful "unfair or deceptive acts or practices in the conduct of any trade or commerce." G. L. c. 93A, § 2 (a). Although charitable corporations are not immune from c. 93A claims, "[i]n most circumstances, a charitable institution will not be engaged in trade or commerce when it undertakes activities in furtherance of its core mission." Squeri v. Mount Ida College, 954 F.3d 56, 72 (1st Cir. 2020), quoting Linkage Corp. v. Trustees of Boston Univ., 425 Mass. 1, 24-26 (1997). The provision of education to

---

[8] The complaint also includes a claim of reckless misrepresentation. Beaudoin does not plausibly allege that Bhasin "made a false representation of a material fact with knowledge of its falsity." See O'Connor, 73 Mass. App. Ct. at 212. Thus, the judge did not err by dismissing the claim of reckless misrepresentation.

9

students at a nonprofit college does not fall under the definitions of "trade" or "commerce."  Squeri, supra, at 73. Recruiting students to enroll at MSL is part of MSL's core mission of providing education to students.  Because MSL engaged in student recruitment in furtherance of its core mission, Beaudoin failed to state a claim for a violation of Chapter 93A, and the judge properly dismissed this count of his complaint.

6. Unjust enrichment.  Unjust enrichment is the "retention of money or property of another against the fundamental principles of justice or equity and good conscience" (citation omitted).  Santagate v. Tower, 64 Mass. App. Ct. 324, 329 (2005).  Restitution is a

> "remedy by which a person who has been unjustly enriched at
> the expense of another is required to repay the injured
> party. . . .  [It] is appropriate only if the circumstances
> of its receipt or retention are such that, as between the
> two persons, it is unjust for [one of them] to retain it"
> (citation omitted).

Id.  Here, the complaint did not allege facts sufficient to suggest that MSL was unjustly enriched at Beaudoin's expense. Beaudoin paid MSL for one year of law school education, and MSL provided Beaudoin one year of law school education.  Thus, the judge properly dismissed the unjust enrichment count.

Conclusion.  We reverse so much of the judgment that dismissed Beaudoin's claims against MSL for breach of contract, promissory estoppel, breach of the implied covenant of good

10

faith and fair dealing, and negligent misrepresentation.  We also reverse so much of the judgment that dismissed Beaudoin's claim against Bhasin for negligent misrepresentation.  We affirm so much of the judgment that dismissed Beaudoin's claims against Coyne for negligent or reckless misrepresentation, unjust enrichment, and violation of G. L. c. 93A.  We further affirm so much of the judgment that dismissed Beaudoin's claims against MSL and Bhasin for reckless misrepresentation, unjust enrichment, and violation of G. L. c. 93A.  Finally, we affirm so much of the judgment that dismissed the contract-based counts of the complaint (breach of contract, promissory estoppel, breach of the implied covenant of good faith and fair dealing) against the individual defendants, Bhasin and Coyne.

<u>So ordered</u>.

By the Court (Englander,
  Hershfang & Brennan, JJ.[9]),

*Paul Little*

Clerk

Entered:  February 11, 2025.

---

[9] The panelists are listed in order of seniority.